IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 18, 2010

## STATE OF TENNESSEE v. LAWRENCE DAVID RALPH, JR.

**Direct Appeal from the Circuit Court for Warren County**
**No. F-11432      Larry Stanley, Jr., Judge**

——————————

**No. M2010-00195-CCA-R3-CD - Filed March 4, 2011**

——————————

A Warren County Circuit Court jury convicted the appellant, Lawrence David Ralph, Jr., of violating a habitual traffic offender order; reckless endangerment with a deadly weapon; driving on a revoked license, fifth offense; evading arrest; and reckless driving. After a sentencing hearing, the appellant received an effective eight-year sentence. On appeal, he contends that the evidence is insufficient to support his conviction for reckless endangerment and that his sentence is excessive. We conclude that the appeal must be dismissed because we lack jurisdiction in the case.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, and Trenena Wilcher, McMinnville, Tennessee, for the appellant, Lawrence David Ralph, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; Lisa S. Zavogiannis, District Attorney General; and Darrell Julian, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

In January 2008, the Warren County Grand Jury indicted the appellant for violating a habitual traffic offender order, a Class E felony; reckless endangerment with a deadly

weapon, a Class E felony; driving on a revoked license, fifth offense, a Class A misdemeanor; evading arrest, a Class A misdemeanor; and reckless driving, a Class B misdemeanor. According to the evidence at trial, on November 2, 2007, a police officer from the McMinnville City Police Department saw the appellant driving a motorcycle recklessly on High Street. The officer got into his patrol car, began following the appellant, and turned on his car's blue lights. The appellant refused to stop and began passing cars dangerously in heavy traffic. The appellant pulled into a grassy area and tried to crank the motorcycle, which had stopped working. The officer caught up to the appellant, and the appellant got off the motorcycle and fled. Shortly thereafter, officers apprehended him in a patch of woods. The jury convicted the appellant of the five charged offenses.

During a sentencing hearing, the trial court sentenced the appellant in this case, number F-11432, to an effective sentence of eight years in confinement. The trial court also sentenced the appellant in another case, number F-10897. The appellant filed a motion for new trial, which was denied, and a notice of appeal.

## II. Analysis

The appellant contends that the evidence is insufficient to support the reckless endangerment conviction and that his sentence is excessive. However, the record on appeal contains the judgments of conviction for case number F-10897. None of the judgment of conviction forms for this case, number F-11432, are in the technical record.[1] Rule 3(b), Tennessee Rules of Appellate Procedure, provides, "In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals . . . on a plea of not guilty." This court's jurisdiction only extends to the review of the final judgments of trial courts. Tenn. Code Ann. § 16-5-108(a). Because the appellant has failed to include the judgments of conviction in the appellate record, we do not have jurisdiction in this case and dismiss the appeal.

## III. Conclusion

---

[1] Both parties acknowledge in their briefs that the judgment of conviction forms are incorrect in the appellate record. It is the appellant's duty to prepare a record which conveys a fair, accurate, and complete record on appeal to enable meaningful appellate review. See Tenn. R. App. P. 24(a). We are perplexed that the appellant chose to let the record remain inaccurate and incomplete rather than request permission to supplement the record with the correct judgment forms pursuant to Rule 24(g), Tennessee Rules of Appellate Procedure.

Based upon the record and the parties' briefs, the appeal is dismissed.

_____
NORMA McGEE OGLE, JUDGE